# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| GRAYLON BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:17-CV-014 |
| | ) |
| NURSE JANET ASEL, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the complaint and in forma pauperis motion filed by Graylon Bell, a pro se prisoner, on January 4, 2017. For the reasons set forth below, the Court: (1) **DENIES** the in forma pauperis motion (DE 3); (2) **DISMISSES** this case **WITHOUT PREJUDICE**; (3) **ORDERS** the plaintiff, **Graylon Bell, IDOC # 900981**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$400.00** filing fee is paid in full; (4) **DIRECTS** the clerk of court to return, unfiled, any papers filed in any case by or on behalf of Graylon Bell (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court; (5) **DIRECTS** the clerk to note on the docket of this case any attempted filings in violation

of this order; and (6) **DIRECTS** the clerk of court to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

**DISCUSSION**

Bell is barred from proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(g). This is commonly known as the "Three Strikes Rule" and Bell has accumulated three strikes.[1] An inmate who has struck out, "can use the partial prepayment option in §1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). In order to meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). In this case, Bell is seeking monetary damages from a nurse for failing to provide him medical treatment on December 21 and 22, 2016. These claims do not allege that Bell is in imminent danger. Therefore he cannot proceed in forma pauperis in this case.

---

[1] IP96-0107-C-H/G, dismissed Sept. 16, 1996; IP97-0165-C-M/S, dismissed Feb. 14, 1997; and IP 97-312-C-D/F, dismissed March 13, 1997.

2

Nevertheless, he filed an in forma pauperis petition, even though he knew[2] he was struck out. The Seventh Circuit requires that litigants be restricted when they attempt to "bamboozle" the court by seeking to proceed in forma pauperis after they have been informed that they are barred from doing so.

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

So too, this case will be dismissed, the filing fee assessed, and Bell restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement,

---

[2] *See Bell v. Reese*, 1:04-CV-1515 (S.D. Ind. filed September 15, 2004), order entered September 17, 2004.

3

but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

**CONCLUSION**

For the foregoing reasons, the Court: (1) **DENIES** the in forma pauperis motion (DE 3); (2) **DISMISSES** this case **WITHOUT PREJUDICE**; (3) **ORDERS** the plaintiff, **Graylon Bell, IDOC # 900981**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$400.00** filing fee is paid in full; (4) **DIRECTS** the clerk of court to return, unfiled, any papers filed in any case by or on behalf of Graylon Bell (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court; (5) **DIRECTS** the clerk to note on the docket of this case any attempted filings in violation of this order; and (6) **DIRECTS** the clerk of court to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

**DATED: January 23, 2017**  /s/RUDY LOZANO, Judge
                              **United States District Court**